PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DEREK MORTLAND, | ) | |
| | ) | CASE NO. 5:20CV428 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| RILEY HOTEL GROUP LLC, d/b/a | ) | |
| *Blutique Hotel*, et al., | ) | |
| | ) | **MEMORANDUM OPINION AND** |
| | ) | **ORDER** |
| Defendants. | ) | [Resolving ECF No. 31] |
| | ) | |

Pending before the Court is Plaintiff's motion for summary judgment. ECF No. 31. Defendants have filed a response in opposition (ECF No. 34), and Plaintiff has replied (ECF No. 35). For the reasons stated herein, Plaintiff's motion is granted.

(5:20CV428)

## Background

Plaintiff is a person with disabilities who uses a wheelchair and cannot walk on his own. ECF No. 31-1 at PageID #: 134.[1] Defendant Riley operates, and Defendant Historic owns, the Blutique Hotel. *Id.* at PageID #: 134-35. The hotel "opened in 2019 after being completely remodeled from an office building into a hotel; it is considered new construction under the ADA and not an existing structure subject to a readily achievable standard." *Id.* at PageID #: 135. From "January 15, 2020 through January 16, 2020, Mortland stayed as a guest at the [hotel] and encountered barriers to access which discriminated against him on the basis of his disability. These barriers included, but are not limited to, barriers affecting the [hotel's] interior and exterior public spaces, as well as his guestroom." *Id.* Plaintiff has produced affidavits and an expert report supporting his claim that these barriers amount to violations of the ADA which supports judgment in his favor. ECF Nos. 31-2, 31-4.

Plaintiff seeks the following relief:

A. The Court grant Summary Judgment finding Defendants liable to Plaintiff for maintaining its property in violation of the ADA and Ohio accessibility law.

B. Order an injunction against Defendants prohibiting it from discrimination against Plaintiff or disabled individuals at its place of public accommodation.

C. Immediate closure of Defendants' place of business until completion of all remedial alterations necessary to make the premises accessible by individuals with disabilities and otherwise comply with the ADA.

D. That the Court award Plaintiff damages pursuant to Ohio Revised Code 4112.02, *et seq*.

---

[1] Plaintiff included a statement of material facts with its motion for summary judgment. ECF No. 31-1 at PageID #: 134-35. Defendants have not objected to any of these statements of fact, nor offered any of their own in response. Accordingly, Plaintiff's statement of material facts is unopposed, and accepted by the Court as true for the purposes of ruling on Plaintiff's motion for summary judgment. *See Zetoun v. PNC Bank*, No. 1:13CV02431, 2015 WL 634697, at *1 (N.D. Ohio Feb. 13, 2015).

(5:20CV428)

    E. The Court find that Plaintiff is the prevailing party and award Plaintiff his reasonable attorney fees and litigation expenses, including expert fees and costs, as the prevailing party.

ECF No. 31 at PageID #: 132.

Defendants' response in opposition states, in its entirety:

NOW COMES the Defendants and respectfully submit this Memorandum in Opposition to Plaintiff's Motion for Summary Judgment. Plaintiff's Motion should be denied as prior to its filing, Defendants' representatives meet with Plaintiff directly to inspect the hotel premises and the parties reviewed in detail all the alleged remedial corrective work that allegedly needed to be rectified. More importantly, Defendants committed at that time and now reaffirm that they will correct all the purported issues as outlined in Plaintiff's expert report by the end of July 2021. The hotel has been closed the past year due to COVID-19 and is set to reopen by the first week of July 2021. The only exception being any alleged issues as to the entrances of the building as the City of Akron is still working on removal and replacement of sidewalks given its on-going sewar [sic] project.

Further, Defendants respectfully request a hearing on Plaintiff's request for any alleged damages and attorney fees (and to set a separate briefing schedule thereto). By a cursory review of the dockets in the Federal Court in Ohio, Plaintiff appears to be a professional Plaintiff with dozens of these cases. Thus, any alleged []damages[] should be de minimis (as the hotel has been closed) and any alleged attorneys' fees should likewise be minimal given the form nature of Plaintiff's pleadings in those other cases and the instant matter.

Accordingly, Defendants request that Plaintiff's Motion be denied given Defendants prior commitments to make the requested repairs (months before the filing of the Motion) and that this Court set a hearing date to discuss a subsequent briefing and/or hearing date regarding any alleged request for an award of []damages[] and/or reasonable attorney fees.

ECF No. 34 at PageID #: 377.

Plaintiff argues that such a response does not create a genuine issue of material fact: "It is kind of Defendants to state in their Response that Defendants have committed to correcting all the barriers to access at their public accommodation by the end of July 2021. However, no settlement agreement has been reached between the parties and no written memorialization has occurred concerning terms." ECF No. 35 at PageID #: 381.

3

(5:20CV428)

## Standard of Review

Summary judgment is appropriately granted when the pleadings, the discovery and disclosure materials on file, and any affidavits show "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); see also Johnson v. Karnes, 398 F.3d 868, 873 (6th Cir. 2005). The moving party is not required to file affidavits or other similar materials negating a claim on which its opponent bears the burden of proof, so long as the movant relies upon the absence of the essential element in the pleadings, depositions, answers to interrogatories, and admissions on file. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The moving party must "show that the non-moving party has failed to establish an essential element of his case upon which he would bear the ultimate burden of proof at trial." Guarino v. Brookfield Twp. Trs., 980 F.2d 399, 403 (6th Cir. 1992).

## Analysis

When a motion for summary judgement is left unopposed, a court must "examine the moving party's motion for summary judgment to ensure that it has discharged its initial burden." Miller v. Shore Fin. Servs., Inc., 141 F. App'x 417, 419 (6th Cir. 2005) (collecting cases). Defendants have not left the motion unopposed. Rather, Defendants have conceded all issues raised in Plaintiff's motion by not disputing them on the merits in their response. Ctr. for Biological Diversity v. Rural Utils. Serv., 2009 WL 3241607, at *3 (E.D.Ky. Oct.2, 2009) ("When a party fails to respond to a motion or argument therein, the Sixth Circuit has held that the lack of response is grounds for the district court to assume opposition to the motion is waived, and grant the motion.") (citing Humphrey v. U.S. Attorney General's Office, 279 Fed. Appx. 328, 331 (6th Cir.2008)). In an abundance of caution, however, the Court notes that it examined Plaintiff's papers and has concluded that Plaintiff has met his burden.

4

(5:20CV428)

The only argument Defendants advance regards alleged promises or commitments to bring their hotel into compliance with the ADA on or before the first week of July, 2021, to the extent physically possible given the City's sewer project.  Defendants do not support these allegations with affidavits or documentary evidence.  Further, Defendants makes no statement suggesting these alleged promises or commitments rise to the level of a legally enforceable injunction or judicial order, nor do Defendants advise that the case settled such that it should have been previously dismissed.  The argument that Plaintiff's motion should be denied based on these unspecified commitments appears legally frivolous.  Defense Counsel shall show cause why they should not be sanctioned for violation of Fed. R. Civ. P. 11(b)(1)-(2) on or before April 16, 2021.

Defendants were free to consent to an injunction and/or entry of judgment against them either in its response to the summary judgment motion, or at an earlier juncture in the litigation, if they agreed with Plaintiff that modifications needed to be made to bring the hotel into compliance with the ADA.  Indeed, other cases involving Plaintiff have resolved in that manner, obviating the need for summary judgment briefing, and allowing the cases to resolve more expeditiously than this one has.  *See, e.g., Disabled Patriots of America, Inc. et al v. First States Investors LLC*, 1:07CV717(SO), ECF Nos. 29, 30 (N.D. Ohio, filed Mar. 12, 2007); *Disabled Patriots of America, Inc. et al v. Rukshmani, Inc.*, 1:07CV1749(JRA), ECF Nos. 16, 17 (N.D. Ohio, filed June 13, 2007).

Had Defendants availed themselves of these options at an earlier point in the litigation, they could have reduced their own attorney's fees, as well as stopped or slowed the rise of attorney's fees they would ultimately be responsible for under the cost-shifting provisions of the

(5:20CV428)

ADA.[2]  Instead, Defendants refused to timely engage in the discovery process,[3] and now advance frivolous arguments to this Court.  The Court can see no purpose for these tactics other than to attempt to delay judgment.

Because the substance of Defendants' response concedes Plaintiff's entitlement to summary judgment, and waives any reasonable argument Defendants potentially could have advanced to oppose the motion, the Court grants Plaintiff's motion for summary judgment.[4]

---

[2] "[T]he court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee and costs." 42 U.S.C.A. § 3613(c)(2).  Plaintiff is the prevailing party in this matter, and the Court will exercise discretion to award him reasonable fees and costs in an amount to be determined.

[3] Defendants do not dispute Plaintiff's assertion that they failed to respond to written discovery, and produced no expert discovery.  ECF No. 31-1 at PageID #: 144. Furthermore, counsel repeatedly represented to the Court that the primary discovery needed to resolve this case was an inspection of the hotel.  It appears from the docket that Defendants repeatedly delayed, or refused to reasonably engage in the scheduling of, such an inspection, even beyond the discovery cutoffs set by this Court.  See ECF No. 15 at PageID #: 85 ("Plaintiff anticipates that he will conduct a Rule 34 inspection of the property at issue, followed up with written discovery. Plaintiff does not believe that he will take any depositions[.]"); ECF No. 20 (Notice of Inspection for July 30, 2020); ECF No. 21 (Notice of Inspection for August 6, 2020), Minutes of Proceedings 9/3/2020 ("The parties informed the Court that they are in the process of rescheduling the planned hotel inspection[.]"); ECF No. 26 (Notice of Inspection for December 31, 2020); Minutes of Proceedings 12/01/2020 ("The Court and the parties discussed the progress of discovery, and the repeated rescheduling of the planned hotel inspection, currently set for 12/31/2020, which is also the cutoff for the close of fact discovery in this matter."); ECF No. 27 (requesting an extension of the Discovery cutoff so the Inspection could take place on January 13, 2021). The inspection was finally completed by Plaintiff himself on January 13, 2021.  Plaintiff's counsel was unable to attend due to his, "and most of his office[,] either testing positive for COVID-19 or having COVID-19 symptoms for the majority of January 2021[.]" ECF No. 29 at PageID #: 128.  Had Defendants cooperated with their discovery obligations before discovery concluded, it likely would not have been necessary for Plaintiff to proceed with such an important aspect of discovery, in a concededly inaccessible environment, without the assistance of counsel.

[4] Because a hearing would not aid the Court in resolving this matter, Defendant's request for a hearing is denied.

(5:20CV428)

## Conclusion

For the reasons stated herein, Plaintiff's motion for summary judgment (ECF No. 31) is granted.  On or before the close of business on April 16, 2021, Plaintiff shall file a Proposed Order concerning the declaratory and injunctive relief sought.  The parties are encouraged to confer regarding the language of the Proposed Order, and if the filing is made jointly, that fact should be noted on the docket.  Plaintiff shall also request damages in a detailed writing supported by documentation and served on Defendants.  Defendants shall respond within five business days.  Finally, Defense Counsel shall show cause why they should not be sanctioned for violation of Fed. R. Civ. P. 11(b)(1)-(2) on or before April 16, 2021.

IT IS SO ORDERED.

| | |
|---|---|
| April 6, 2021 | /s/ Benita Y. Pearson |
| Date | Benita Y. Pearson |
| | United States District Judge |